## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                     CASE NO. 2:11CV00148 BSM

CHRISTOPHER BARRETT HUNTER and                               DEFENDANTS
CITIMORTGAGE, INC.

## ORDER

The motion of plaintiff United States of America for summary judgment and for a

judgment *in rem* foreclosing on defendant Christopher Hunter's mortgages  [Doc. No. 6] is

granted.

### I.  BACKGROUND

Hunter executed and delivered two promissory notes on May 8, 2008, to the United

States Department of Agriculture's ("USDA") Farm Service Agency ("FSA").  Statement

of Facts ¶ 1.  The two promissory notes were in the amounts of $52,410 and $220,701.08 and

were payable in annual installments beginning February 1, 2009.  *Id.*  As collateral for those

notes, Hunter and his then-wife granted and conveyed a mortgage to the USDA and FSA on

property in Cross County, Arkansas.  *Id.* ¶ 2.  The mortgages were recorded in the records

of the Circuit Clerk and Recorder of Cross County.  *Id.* ¶ 3.  Sara Henry Hunter conveyed

all her right, title, and interest in the mortgaged property to Christopher Hunter by quit claim

deed, which was also recorded in the records of the Circuit Clerk and Recorder of Cross

County.  *Id.* ¶ 4.  The payments due on the promissory notes are in default as no payment has

been received by FSA on those notes since May 29, 2009.  *Id.* ¶ 5.  There is currently due and

owing unpaid principal in the amount of $181,457.37 and $19,747.53 on the two promissory notes, with interest accruing at the rate of $16.6928 dollars per day.  *Id.* ¶ 6.

## II.  DISCUSSION

Summary judgment is proper if, after viewing the evidence in the light most favorable to Hunter, no genuine issues of material fact exist and defendants are entitled to judgment as a matter of law.  *Nelson v. Corr. Med. Servs.,* 533 F.3d 958, 961 (8th Cir. 2008).  Hunter cannot survive the motions for summary judgment merely by pointing to disputed facts; the facts in dispute must be material to the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1985). If the facts alleged by Hunter, when viewed in the light most favorable to his case, would not allow a reasonable jury to find in his favor, then summary judgment should be granted in favor of defendants.  *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006).

The government's statement of undisputed fact is unopposed and the facts contained therein are therefore deemed admitted.  The government's motion for summary judgment [Doc. No. 6] is also unopposed and is therefore granted.  The government is directed to submit a proposed judgment *in rem* ordering foreclosure of the mortgages.

IT IS SO ORDERED this 13th day of August 2012.

UNITED STATES DISTRICT JUDGE